UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. LEON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF CALIFORNIA, et al.,<br><br>　　　Defendant(s). | Case No. 23-cv-05513-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 2) |

On May 17, 2021, while a pre-trial detainee in custody at the Santa Clara County Jail, Joseph R. Leon filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 asserting a claim of excessive bail.  See Leon v. Smith, No. 21-cv-03720-VC, slip op. at 1 (N.D. Cal. May 19, 2022) (order).  On March 25, 2022, the court (Chhabria, J.) conditionally granted the petition if the Santa Clara County Superior Court does not hold a constitutionally compliant bail hearing within 21 days.  The superior court held a bail hearing on April 8, 2022, reduced bail to $50,000, and ordered Leon released subject to various conditions.  Leon agreed to the conditions, and he was released on bail on April 29, 2022.  The court then dismissed as moot Leon's federal habeas case on May 19, 2022.

On October 23, 2023, Leon, still out on bail, filed the instant pro se complaint under 42 U.S.C. § 1983 seeking money damages from the Santa Clara County Superior Court judges who previously set his bail tool high and from the superior court judge he claims is mishandling an ongoing family law matter.  Leon also seeks money damages from the People of California for criminally charging him with a prior he claims never occurred.

Leon also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.  Based solely on his affidavit of poverty, the motion to proceed IFP (ECF No. 2) is granted.

**DISCUSSION**

A.     Standard of Review

A federal district court may dismiss an action brought IFP at any time if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

It is well established that a state judge generally is "immune from suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). This immunity is overcome in only two sets of circumstances. Id. at 11. "First, a judge is not immune from liability from nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Spakman, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Leon seeks money damages from the state superior court judges who initially set his bail tool high in his pending criminal matter and from the state superior court judge he claims is mishandling an ongoing family law matter. But none of the actions by the state superior court judges in connection with Leon's ongoing state criminal prosecution or family law matter involve nonjudicial actions or judicial actions taken in the complete absence of all jurisdiction. See Mireles, 502 U.S. at 11-12. The named superior court judges consequently are "immune from suit for money damages." Id. at 9.

The state district attorney or prosecutor charging Leon with the prior at issue on behalf of the People of California also is immune from suit for money damages. It is well established that state prosecutors are immune from suit for money damages for their conduct in "pursuing a criminal prosecution" when, as here, they act within their role as an "advocate for the State" and their actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).[1] Leon may be able to challenge the prior in federal court via a petition for a writ of habeas corpus, but generally only after his state criminal proceedings are completed and he has exhausted state judicial remedies. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted and/or seeking monetary relief against a defendant who is immune from such relief.

The clerk is instructed to close the case and terminate the motion appearing on ECF as item number 2.

**IT IS SO ORDERED**.

Dated: March 25, 2024

_____
CHARLES R. BREYER
United States District Judge

---

[1] The Eleventh Amendment "immunize[s]" the State of California "from suit in federal court by citizens and noncitizens alike." Kohn v. State Bar of Cal., 87 F.4th 1021, 1025 (9th Cir. 2023) (en banc) (citations omitted).

3